[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 5, 2007
THOMAS K. KAHN
CLERK

No. 06-14489
Non-Argument Calendar
_____

D.C. Docket No. 04-01751-CV-ORL-22-KRS

DELORES BAILEY,

Plaintiff-Appellant,

versus

ORANGE COUNTY SCHOOL BOARD,
a political subdivision of the State of Florida,
JOHN EDWARDS individually and in his
capacity as Principal of Apopka High School, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 5, 2007)**

Before WILSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

Delores Bailey, a former student at Apopka High School in Orange County, Florida, appeals the summary judgment granted to Orange County School Board ("the School Board").[1] She also appeals the district court's grant of the School Board's motion to strike affidavits that Bailey submitted in response to the School Board's motion for summary judgment. Bailey sued the School Board for violations of 20 U.S.C. § 1681 ("Title IX") and 42 U.S.C. § 1983 that she alleges occurred when she was a student and was sexually harassed by a teacher at Apopka High.

Having considered the parties' briefs and the record on appeal, we find no reversible error. In order to resist summary judgment on either of her claims against the School Board, Bailey must present some evidence that, while she was a student at Apopka High, a School Board official knew of the teacher's misconduct with Bailey or similar misconduct with other students and was deliberately indifferent to that misconduct. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277, 118 S. Ct. 1989, 1993 (1998); *Sauls v. Pierce County Sch. Dist.*, 399 F.3d 1279, 1284 (11th Cir. 2005). The district court correctly found that Bailey did not present evidence

---

[1]The Appellant's brief recites that summary judgment was granted to "Defendants-Appellees," (Blue Br. at 9), and seeks reversal of that order. (Blue Br. at 42.) In reality, however, Appellant voluntarily dismissed all defendants other than the School Board that remained in the case after some claims were remanded to the state court. (R.1-36.) The School Board is the only party that moved for summary judgment.

sufficient to raise genuine issues of material fact as to these elements of her claims. (R.3-59 at 17-24.)

We do not address whether the district court erred in striking the affidavit of Laqueta Mendez Simpkins because, even considering that affidavit, we find that it does not change the result in this case. And, we find no abuse of discretion in the district court's decision to strike portions of Bailey's affidavit.

AFFIRMED.